# EXHIBIT 1
# Part 4

CH1\ 4014096.1

Dockets.Justia.com

# FIRST AMENDMENT TO THE PERMIT
# AND OPERATING AGREEMENT

**THIS FIRST AMENDMENT TO THE PERMIT AND OPERATING AGREEMENT** (this "First Amendment") is dated as of September 30, 2001 by and between the Chicago Park District, a municipal corporation organized and existing pursuant to 70 Illinois Complied Statutes 1501/1, et seq. (the "CPD"), the Chicago Bears Football Club, Inc., a corporation organized and existing under the laws of Delaware (the "Club"), and the Chicago Bears Stadium LLC, a limited liability company organized and existing under the laws of Delaware and a wholly-owned subsidiary of the Club (the "Subsidiary").

## RECITALS

A.   The CPD, the Club and the Subsidiary have entered into that certain Permit and Operating Agreement dated as of August 1, 2001 ("Permit and Operating Agreement").

B.   The CPD, the Club and the Illinois Sports Facilities Authority, a political subdivision, unit of local government, body politic and municipal corporation of the State of Illinois ("ISFA") have entered into that certain Development Assistance Agreement dated as of August 1, 2001 ("Development Assistance Agreement").

C.   The CPD, the Club, and the Subsidiary believe it is in their best interests to modify certain of their respective rights and obligations under the Permit Agreement as provided herein.

D.   The ISFA and the Subsidiary entered into that certain Burnham Park Development Agreement dated as of August 1, 2001 ("Development Agreement").

E.   The ISFA, the CPD and the Subsidiary have entered into that certain Assignment, Acceptance and Consent to Assignment dated as of August 1, 2001 pursuant to which the ISFA assigned substantially all of its rights and interests in the Development Agreement to the CPD.

F.   The parties' obligations under the Development Agreement are subject to certain conditions precedent being satisfied on or before September 30, 2001.

G.   To induce the CPD to enter into that certain First Amendment to the Development Agreement dated as of September 30, 2001, pursuant to which the date is extended until October 31, 2001 by which certain conditions precedent must be satisfied, the Subsidiary and the Club have agreed to enter into this First Amendment.

**NOW, THEREFORE,** in consideration of the mutual representations, warranties and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.   Definitions. All capitalized terms not herein defined shall have the meaning set forth in the Permit Agreement.

2.  <u>Naming Rights</u>. For good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Club and the Subsidiary hereby irrevocably waive, release and relinquish any and all rights and interests which they may have relating to the sale or licensing of Naming Rights to the Facility under the Permit Agreement or otherwise and hereby release the CPD from any and all liabilities and obligations with respect thereto. The CPD agrees that during the Term of the Permit Agreement, the CPD shall not sell or license any rights which comprise Naming Rights to the Facility nor shall the CPD grant or authorize any other party the right to sell or license any rights which comprise Naming Rights to the Facility.

3.  <u>Amendments to the Permit Agreement</u>. In furtherance of and without limiting the provisions of Section 2 of this First Amendment, the parties agree that the Permit Agreement is hereby amended as follows:

   3.1  The definition of "Direct Competitor" in Section 1.76 of the Permit Agreement is hereby deleted and the following inserted in lieu thereof "1.76 Intentionally Omitted".

   3.2  At the end of the definition of Future Marketing Rights in Section 1.111 of the Permit Agreement, the following sentence is hereby inserted: "Future Marketing Rights shall not include Naming Rights."

   3.3  After the phrase "Signage Rights" in the first line of the definition of "Marketing Rights" in Section 1.139 of the Permit Agreement, the phrase "Naming Rights" is hereby deleted.

   3.4  Clause (iv) of Section 1.148 of the Permit Agreement is deleted in its entirety and the following inserted in lieu thereof "(iv) Intentionally Omitted".

   3.5  The definition of "Naming Rights Agreements" in Section 1.149 of the Permit Agreement is hereby deleted, and the following inserted in lieu thereof "1.149 Intentionally Omitted".

   3.6  The definition of "Naming Rights Program" in Section 1.150 of the Permit Agreement is hereby deleted and the following inserted in lieu thereof "1.150 Intentionally Omitted".

   3.7  The definition of "Naming Rights Sponsor" in Section 1.151 of the Permit Agreement is hereby deleted and the following inserted in lieu thereof "1.151 Intentionally Omitted".

   3.8  The definition of "Naming Rights Sponsor's Business" in Section 1.152 of the Permit Agreement is hereby deleted and the following inserted in lieu thereof "1.152 Intentionally Omitted".

   3.9  The definition of the "Naming Rights Sponsor's Prohibition Rights" in Section 1.153 is hereby deleted and the following inserted in lieu thereof "1.153 Intentionally Omitted".

3.10    The phrase "except in connection with Naming Rights" at the end of Section 16.1.2(b) of the Permit Agreement is hereby deleted.

3.11    The phrase "Except with respect to the Naming Rights Sponsor's Prohibition Rights" at the beginning of Section 16.1.6 of the Permit Agreement is hereby deleted.

3.12    Section 16.2 of the Permit Agreement is hereby deleted in its entirety and the following inserted in lieu thereof "16.2 Intentionally Omitted".

3.13    The phrase "In addition to Naming Rights or in lieu thereof" at the beginning of Section 16.3.1 of the Permit Agreement is hereby deleted.

3.14    The phrase "Except with respect to Naming Rights Sponsor's Prohibition Rights" at the beginning of Section 16.3.6 of the Permit Agreement is hereby deleted.

3.15    The phrase "Except with respect to the Naming Rights Sponsor's Prohibition Rights" at the beginning of Section 16.4.5 of the Permit Agreement is hereby deleted.

3.16    The phrase "Except with respect to the Naming Rights Sponsor's Prohibition Rights" at the beginning of Section 16.5.6 of the Permit Agreement is hereby deleted.

3.17    After the phrase "Signage Rights" in the second line of Section 16.6.1 of the Permit Agreement, the phrase "Naming Rights" is hereby deleted.

3.18    After the phrase "Signage Rights Agreement" in the forth line of Section 16.6.1 of the Permit Agreement, the phrase "Naming Rights Agreement" is hereby deleted.

3.19    Section 16.7.2(a) of the Permit Agreement is hereby deleted and the following inserted in lieu thereof "16.7.2(a) Intentionally Omitted".

3.20    The phrase "and Signage related to Naming Rights" in line 2 of Section 16.9 of the Permit Agreement is hereby deleted in its entirety.

3.21    After the phrase "Signage Rights" in the 6th line of Section 28.1 of the Permit Agreement, the phrase "Naming Rights" is hereby deleted.

4.    Effective Date.

4.1    The amendments to the Permit Agreement provided for herein shall be deemed effective as of September 30, 2001.

4.2    Except as specifically amended or modified hereby, all terms and conditions of the Permit Agreement shall remain unmodified and in full force and effect.

5. First Amendment to the Development Agreement.

   5.1 The CPD agrees that upon execution and delivery of this First Amendment by the Club and the Subsidiary, the CPD will execute and deliver the First Amendment to the Development Agreement.

   5.2 The Club specifically acknowledges and agrees that the Club, as the sole member of the Subsidiary, will receive a benefit from the CPD's execution and delivery of the First Amendment to the Development Agreement.

   5.3 The Club and the Subsidiary acknowledge and agree that the CPD's execution and delivery of the First Amendment to the Development Agreement constitutes good, valuable, legal and sufficient consideration for their execution and delivery of this Agreement and performance hereunder.

6. Amendment. Any amendment, cancellation, revocation or other modification of the terms of this First Amendment must be in writing and must be signed by all of the parties.

7. Binding Agreement. This First Amendment shall be binding upon and inure to the benefit of parties hereto and their respective heirs, successors, and permitted assigns.

8. Counterparts. This First Amendment may be executed in one or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same agreement. A telecopy or facsimile signature of any party shall be considered to have the same binding effect as an original signature.

9. Forum. Each party agrees that any suit, action or proceeding brought by such party against any other party in connection with or arising from this First Amendment shall be brought solely in the Circuit Court of Cook County or the United States District Court for the Northern District of Illinois, and each party consents to the jurisdiction and venue of each such court.

10. Further Assurance. Each party shall execute and deliver such documents, and take such other action, as shall be reasonably requested by any other party hereto to carry out the transactions contemplated by this First Amendment.

11. Governing Law. This First Amendment shall be governed, construed and enforced by the internal laws of the State of Illinois without regard to the principals of conflict of laws.

12. Headings. Headings used in this First Amendment are for convenience only and shall not be deemed a part of this First Amendment and shall not be used to construe any provisions hereof.

13. Representations. Each party to this First Amendment represents and warrants to each other party as follows: (i) that such party has the requisite power and authority to enter into and perform this First Amendment, (ii) that this First Amendment has been duly authorized by all necessary action on the part of such party, (iii) that the execution and delivery and

#213690 v4 - First Amendment to Permit Agreement

performance by each party of this First Amendment will not conflict with or result in a violation of such party's organizational documents or any judgment, order or decree of any court or arbiter to which such party is bound; (iv) that this First Amendment constitutes the valid and binding obligation of such party, and is enforceable against such party in accordance with its terms, subject to applicable bankruptcy, insolvency, reorganization, creditors' rights and other similar laws; and (v) prior to executing this First Amendment, such party read this First Amendment, understood the contents hereof, was advised by the party's respective attorney regarding the matters relative to this First Amendment including the respective rights and obligations of the parties under this First Amendment.

14.   <u>Survivability</u>.  All representations and warranties shall survive until the expiration of the applicable statute of limitations.

15.   <u>Severability</u>.  If any term of this First Amendment is held by a court of competent jurisdiction to be invalid, void or unenforceable, then the remainder of the terms contained herein shall remain in full force and effect, and shall in no way be affected, impaired, or invalidated.

\*   \*   \*

IN WITNESS WHEREOF, the Parties have entered into and delivered this First Amendment as of the date first above written.

CHICAGO PARK DISTRICT

By: *[signature]*
Name: David Doig
Title:   General Superintendent

CHICAGO BEARS FOOTBALL CLUB, INC.

By: *[signature]*
Name: Theodore Phillips
Title:   President

CHICAGO BEARS STADIUM, LLC

By: *[signature]*
Name: *Theodore Phillips*
Title:   Manager