# EXHIBIT 4

CH1\ 4014096.1



**CAMCA (Commercial Arbitration and Mediation Center for the Americas) Mediation and Arbitration Rules**
Effective March 15, 1996

Introduction (English)
Introduction (French)
Introduction (Spanish)

CAMCA Mediation Rules

I. Commencing the Mediation
   Notice of Mediation

II. The Mediator
   Multi-National Panel of Mediatiors
   Appointment of Mediator
   Challenge of Mediator
   Replacement of Mediator
   Authority of Mediator

III. General Conditions
    Representation
    Date, Time, and Place of Mediation
    Identification of Matters in Dispute
    Privacy
    Confidentiality
    No Stenographic Record
    Termination of Mediation
    Mediation Settlement
    Exclusion of Liability
    Interpretation and Application of Rules
    Expenses

Administrative Fees

CAMCA Arbitration Rules

I. Commencing the Arbitration
   Notice of Arbitration and Statement of Claim
   Statement of Defense and Counterclaim
   Amendments to Claims

II. The Tribunal
    Panel of Arbitrators
    Number of Arbitrators
    Appointment of Arbitrators
    Challenge of Arbitrators
    Replacement of an Arbitrator

III. General Conditions
    Representation
    Place of Arbitration
    Language
    Pleas as to Jurisdiction
    Conduct of the Arbitration
    Further Written Statements
    Periods of Time
    Notices
    Evidence
    Hearings
    Interim Measures of Protection
    Experts
    Default
    Closure of Hearing
    Waiver of Rules
    Awards, Decisions and Rulings
    Form and Effect of the Award
    Applicable Laws
    Settlement or Other Reasons for Termination
    Interpretation or Correction of the Award
    Costs
    Compensation of Arbitrators
    Deposit of Costs
    Confidentiality
    Exclusion of Liability
    Interpretation of Rules
    Expedited Procedures

Administrative Fee Schedule
Filing Fee
Postponement/Cancellation Fees
Hearing Room Rental
Suspension for Nonpayment

**Introduction**

It is well recognized that the availability of prompt, effective and economical means of dispute resolution is an important element in the orderly and encouragement of international investment and trade. Increasingly, arbitration and mediation, instead of litigation in national courts, have the preferred means of resolving international commercial disputes. With respect to private disputes arising in the sphere of the North American Trade Agreement ("NAFTA"), Article 2022 of NAFTA specifically provides for the encouragement and use of arbitration and other alternative resolution techniques ("ADR") as the desirable means of resolving such controversies.

The use of mediation, a nonbinding process where the parties submit their dispute to an impartial third person who assists them in reaching t settlement, and arbitration, submission of a dispute to one or more impartial persons for a final and binding determination, can be utilized for resolution of all types of private commercial disputes arising in investment and trade, construction, employment, financial services, franchising intellectual property, manufacturing, oil and gas, and many other areas.

Consistent with the objectives of NAFTA, the Commercial Arbitration and Mediation Center for the Americas ("CAMCA") and the procedures reproduced in this booklet were designed to provide commercial parties involved in the free trade area with an efficient, international forum fo resolution of private commercial disputes which inevitably arise. Created jointly by the American Arbitration Association, the British Columbia International Commercial Arbitration Centre, the Mexico City National Chamber of Commerce, and the Quibec National and International Cor Arbitration Centre, all leading national institutions devoted to the promotion and responsible use of private dispute resolution techniques, CAN operates with uniform rules, policies and administrative procedures.

Representatives from each of these institutions govern CAMCA and cases may be filed with any of their offices. A multi-national panel of arbi and mediators is available to serve under these rules, and impartial committees, representative of the nationalities of the parties and chaired national of a country other than that of any of the parties, are available to resolve contested locale issues.

Parties may provide for mediation of future disputes utilizing the services of CAMCA by inserting the following clause into their contract:

> The parties agree that they will endeavor to settle any dispute, controversy or claim arising out of or relating to this contract, which they are unable to settle through direct discussions, by mediation administered by the Commercial Arbitration and Mediation Center for the Americas under its rules before resorting to arbitration, litigation or other dispute resolution procedure. The requirement of filing a notice of claim with respect to the dispute submitted to mediation shall be suspended until the conclusion of the mediation process.

In the absence of a future dispute resolution clause in their agreement, the parties may also submit an existing controversy to mediation unde

auspices of CAMCA by using the following agreement:

> We, the undersigned parties, hereby agree to submit to mediation administered by the Commercial Arbitration and Mediation Center for the Americas under its rules the following dispute, controversy or claim: (cite briefly). The requirement of filing a notice of claim with respect to the dispute, controversy or claim submitted to mediation shall be suspended until the conclusion of the mediation process.

The parties can provide for arbitration of future disputes utilizing the dispute resolution services of CAMCA by inserting the following clause in contract:

> Any dispute, controversy or claim arising out of or relating to this contract, or the breach thereof, shall be finally settled by arbitration administered by the Commercial Arbitration and Mediation Center for the Americas in accordance with its rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

In the absence of a future dispute resolution clause in their agreement, the parties may also submit an existing controversy to arbitration under auspices of CAMCA by using the following agreement:

> We, the undersigned parties, hereby agree to submit to arbitration administered by the Commercial Arbitration and Mediation Center for the Americas under its rules the following dispute, controversy or claim: (cite briefly). We further agree that we will faithfully observe this agreement and the rules, and that a judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

The parties may wish to consider adding one or all of the following to either of the above arbitration clauses:

(a) "The number of arbitrators shall be (one or three)";

(b) "The place of arbitration shall be (city and/or country)"; or,

(c) "The substantive law applicable to the dispute shall be _____";

(d) "The language(s) of the arbitration shall be _____."

In the alternative, a clause may also be inserted into a contract that first provides for mediation under the CAMCA Mediation Rules and, if the mediation is unsuccessful, for the dispute to be arbitrated under the CAMCA Arbitration Rules. A sample of such a clause is as follows:

> The parties agree that they will endeavor to settle any dispute, controversy or claim arising out of or relating to this contract, which they are unable to settle through direct discussions, by mediation administered by the Commercial Arbitration and Mediation Center for the Americas under its rules before resorting to arbitration. Thereafter, any dispute, controversy or claim arising out of or relating to this contract shall be settled by arbitration administered by the Commercial Arbitration and Mediation Center for the Americas in accordance with its rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The requirement of filing a notice of claim with respect to the dispute, controversy or claim submitted to mediation shall be suspended until the conclusion of the mediation process.

For additional information on the services of CAMCA and its mediation and arbitration facilities, please contact any of the national offices of the Center:

International Center for Dispute Resolution
1633 Broadway, Floor 10
New York, New York 10019-6708
212-484-4181 Fax: 212-246-7274

British Columbia International Commercial Arbitration Centre
Suite 1140, 1090 West Georgia Street
Vancouver, British Columbia
Canada V6E 3V7
Tel.: 604.684.2821 Fax: 604.684.2825

Camara Nacional de Comercio de la Ciudad de Mixico
Paseo de la Reforma No.42
Col. Centro
Delegacisn Cuauhtimoc
06048 Mixico, D.F.
Tel.: 5.703.28.62 / 535.30.77 Fax: 592.35.71

Centre d'arbitrage commercial national et international du Quibec
295, Boulevard Charest Est
Bureau 090
Quibec, G1K 3G8
Canada
Tel.: 418.649.1374 Fax: 418.649.0845

**Introduction**

Il est bien connu que la disponibiliti de moyens rapides, efficients et iconomiques de risolution des diffirends est un iliment important dans le diveloppement et la croissance du commerce et des ichanges internationaux. De plus en plus en matihre de diffirends commerciaux, on prifh l'arbitrage et la midiation aux processus judiciaires devant les tribunaux nationaux. En ce qui touche particulihrement aux diffirends privis dico d'activitis se diroulant dans le cadre de l'Accord de libre ichange Nord-Amiricain +ALENA;, l'article 2022 du traiti encourage expressiment le r l'arbitrage et aux autres modes non judiciaires de risolution des diffirends +ADR; comme moyens les plus appropriis pour surmonter ces diffi

Le recours ` la midiation (+processus non adjudicatoire oy les parties soumettent leur diffirend ` un tiers impartial qui les guide dans l'ilaborat leur propre rhglement;) et l'arbitrage (+la soumission d'un diffirend ` une ou plusieurs personnes impartiales pour dicision et adjudication difin peuvent jtre utilisis pour risoudre tout type de diffirends commerciaux privis pouvant nantre ` l'occasion d'ichanges commerciaux et d'investis dans les industries de la construction, des services financiers, du franchisage, de la fabrication et des ressources naturelles tout comme en n d'emploi et de protection de la propriiti intellectuelle ainsi qu'en plusieurs autres domaines.

En accord avec les buts de l'ALENA, le Centre d'arbitrage et de midiation commercial pour les Amiriques (+CAMCA;) a ilabori les rhgles de procidures qui sont reproduites dans cette brochure. Ces rhgles sont destinies ` assurer aux partenaires commerciaux de la zone de libre ich l'acchs ` un forum international efficace pour la risolution des diffirends commerciaux privis qui ne manqueront pas de survenir. Crii conjointe l'American Arbitration Association, le British Columbia International Commercial Arbitration Center, la Camera National de Comercio de la Ci Mexico et le Centre d'arbitrage commercial national et international du Quibec, des chefs de file institutionnels vouis ` la promotion des moye judiciaires de risolution des conflits, CAMCA est gouverni par des rhgles, des politiques et des procidures administratives uniformes. CAMCA administri par des reprisentants de chacune de ces institutions et tout litige peut jtre soumis ` l'attention de l'un ou l'autre de leurs bureaux d'a CAMCA a rassembli un panel multinational d'arbitres et de midiateurs qui sont formis pour agir sous l'empire du prisent rhglement. Pour risou litiges traitant de questions locales, on peut recourir ` des comitis impartiaux formis de reprisentants de mjme nationaliti que les parties et pri une personne n'ayant pas la mjme nationaliti que celle des parties.

Les gens d'affaires peuvent privoir le recours ` la midiation sous l'empire de CAMCA en insirant dans leur contrat la clause suivante:

> Tout diffirend ou toute riclamation venant ` nantre ` la suite ou ` l'occasion du prisent contrat et que les parties ne parviennent pas ` rigler ` l'amiable, sera soumis ` la midiation sous l'empire du Centre d'arbitrage et de midiation commercial des Amiriques et de son rhglement ` l'exclusion de l'arbitrage et de toutes autres procidures de rhglement. L'obligation de diposer tout avis procidural relatif au diffirend soumis ` la midiation sera suspendue jusqu'` l'issue du processus de midiation.

Lorsque les contractants n'ont pas privu une telle clause de risolution de leurs diffirends iventuels, ils pourront soumettre leur litige ` la midiat l'empire de CAMCA en ayant recours ` la convention suivante:

> Nous soussignis convenons de soumettre ` la midiation devant jtre rigie par et selon les rhgles du Centre d'arbitrage et de midiation commercial des Amiriques le diffirend suivant (dicrire brihvement). L'obligation de diposer tout avis procidural relatif au diffirend soumis ` la midiation sera suspendue jusqu'` l'issue du processus de midiation.

Les parties peuvent privoir le recours ` l'arbitrage sous l'empire de CAMCA en insirant dans leur contrat la clause suivante:

> Tout diffirend ou toute riclamation venant ` nantre ` la suite ou ` l'occasion du prisent contrat sera tranchi difinitivement par voie d'arbitrage sous l'empire du Centre d'arbitrage et de midiation commercial des Amiriques et de son rhglement, et toute dicision arbitrale adjugeant sur le litige pourra jtre homologuie par toute cour ayant compitence.

Si les contractants n'ont pas privu une telle clause dans leur contrat, les parties ` un diffirend pourront igalement soumettre leur litige ` l'arbitr l'empire de CAMCA en ayant recours ` la convention suivante:

> Nous soussignis convenons par la prisente de soumettre ` l'arbitrage sous l'empire du Centre d'arbitrage et de midiation commercial des Amiriques et de son rhglement, le litige suivant (dicrire brihvement). Nous convenons de plus que nous respecterons de bonne foi cet accord et le rhglement d'arbitrage et reconnaissons qu'une dicision adjugeant sur le litige ` jtre rendue par l'arbitre ou les arbitres pourra jtre homologuie par toute cour ayant compitence.

Les parties peuvent disirer ajouter une ou plusieurs des clauses suivantes:

  (a) +Le nombre d'arbitres sera de (un ou trois);;

  (b) +Le lieu oy se tiendra l'arbitrage sera (ville et/ou pays);; ou

(c) +Le droit substantif applicable au litige sera celui de _____;;

(d) +La langue ou les langues de l'arbitrage sera ou seront _____.;;

Au choix, le contrat peut privoir une clause stipulant d'abord le recours ` la midiation sous l'empire des rhgles de CAMCA et si cette midiation infructueuse que le litige sera arbitri selon le rhglement de CAMCA et sous son empire. @ titre d'exemple, la clause suivante est proposie:

Tout diffirend ou toute riclamation venant ` nantre ` la suite ou ` l'occasion du prisent contrat et que les parties ne parviennent pas ` rigler ` l'amiable sera soumis ` la midiation sous l'empire du prisent rhglement avant de recourir ` l'arbitrage. Par la suite, tout diffirend ou tout litige non rigli par la midiation sera tranchi difinitivement par voie d'arbitrage sous l'empire du Centre d'arbitrage et de midiation commercial des Amiriques et de son rhglement, et toute dicision arbitrale adjugeant sur le litige pourra jtre homologuie par toute cour ayant compitence. L'obligation de diposer tout avis procidural relatif au diffirend soumis ` la midiation sera suspendue jusqu'` l'issue du processus de midiation.

Pour plus d'information sur l'un ou l'autre des services de CAMCA, communiquez avec l'un ou l'autre de ses bureaux:

Centre d'arbitrage commercial national et international du Quibec
295, Boulevard Charest Est
Bureau 090
Quibec, G1K 3G8
Canada
Til.: 418.649.1374 Tilic.: 418.649.0845

International Center for Dispute Resolution
1633 Broadway, Floor 10
New York, New York 10019-6708
212-484-4181 Fax: 212-246-7274

British Columbia International Commercial Arbitration Centre
Suite 1140, 1090 West Georgia Street
Vancouver, British Columbia
Canada V6E 3V7
Tel.: 604.684.2821 Fax: 604.684.2825

Camara Nacional de Comercio de la Ciudad de Mixico
Paseo de la Reforma No.42
Col. Centro
Delegacisn Cuauhtimoc
06048 Mixico, D.F., Mexique
Til.: 5.703.28.62 / 535.30.77 Tilic.: 592.35.71

**Introducción**

Es bien reconocido que disponer de medios rapidos, eficaces y econsmicos para la solucisn de conflictos es un elemento importante para el crecimiento y estmmulo de la inversisn y el comercio internacionales. Con mayor frecuencia, el arbitraje y la mediacisn son preferidos como para resolver controversias comerciales internacionales, en lugar del litigio ante los tribunales nacionales. Con respecto a los conflictos priva surjan dentro del marco del Tratado de Libre Comercio para Amirica del Norte (TLC), el artmculo 2022 del TLC especmficamente establece promocisn y el uso del arbitraje y de otras ticnicas alternativas para la solucisn de controversias como los medios mas convenientes para res tales conflictos.

La mediacisn (proceso no obligatorio en el que las partes someten su controversia a una tercera persona imparcial quien las asiste para enc sus propias soluciones) y el arbitraje (sometimiento de una controversia a una o mas personas imparciales que dictaran una determinacisn f obligatoria) pueden ser utilizados para la solucisn de todo tipo de conlfictos privados que surjan de la inversisn, el comercio, la construccisn, empleos, los servicios financieros, las franquicias, la propiedad intelectual, manufacturas, petrsleo y gas, y muchas otras areas.

De acuerdo con los objetivos del TLC, el Centro de Arbitraje y Mediacisn Comercial para las Amiricas (CAMCA) y los procedimientos reprod en este folleto fueron diseqados para proporcionar a las partes que realicen negocios dentro del area del libre comercio de un foro internacio la solucisn de los conflictos comerciales privados que surgiran inevitablemente. Creado entre la Asociacisn Americana de Arbitraje, el Centro Arbitraje Comercial de la Columbia Britanica, la Camara Nacional de Comercio de la Ciudad de Mexico y el Centro de Arbitraje Comercial Na Internacional de Quebec, instituciones nacionales lmderes dedicadas a la promocisn y uso responsable de las ticnicas privadas de resolucis conflictos, el CAMCA opera con reglas, polmticas y procedimientos administrativos uniformes. Representantes de cada una de estas instituc dirigen el CAMCA y los casos pueden ser presentados en cualquiera de sus oficinas. Un panel multinacional de arbitros y mediadores esta disponible para actuar bajo estas reglas, asm como comitis imparciales, en los cuales representantes de las nacionalidades de las partes pr por un nacional de un pams diferente al de cualquiera de ellas, estan disponibles para resolver contiendas sobre temas locales.

Las partes pueden convenir que los conflictos futuros sean resueltos a travis de la mediacisn utilizando los servicios del CAMCA, insertando siguiente clausula en su contrato:

>Las partes acuerdan que haran el esfuerzo necesario a efecto de solucionar cualquier controversia o reclamacisn derivada o relacionada con el presente contrato, siempre que dicha controversia no pueda ser resuelta mediante discusiones directas entre las partes, a travis de la mediacisn administrada por el Centro de Arbitraje y Mediacisn Comercial para la Amiricas bajo sus reglas antes de recurrir al arbitraje, litigio o algzn otro procedimiento de solucisn de controversias. El requisito de presentar una notificacisn de la reclamacisn con respecto a la controversia o conflicto sometida a la mediacisn sera suspendida hasta la conclusisn del proceso de mediacisn.

A falta de una clausula en el contrato para la solucsn de conflictos futuros, las partes tambiin podran someter una controversia existente a la mediacisn, bajo las reglas del CAMCA, mediante el uso del siguiente acuerdo:

>Por este medio, las partes abajo firmantes acordamos someter la siguiente controversia, conflicto o reclamacisn (citar brevemente) para su solucisn a travis de la mediacisn administrada bajo las reglas del Centro de Arbitraje y Mediacisn Comercial para las Amiricas. El requisito de presentar una notificacisn de la reclamacisn con respecto a la controversia o conflicto sometida a la mediacisn sera suspendida hasta la conclusisn del proceso de mediacisn.

Las partes pueden estipular el arbitraje de controversias futuras utilizando los servicios para la solucisn de controversias del CAMCA inserta siguiente clausula en su contrato:

>Cualquier conflicto, controversia o reclamacisn que surja de o esti relacionada con este contrato, o el inclumplimiento del mismo, sera resuelto en definitiva mediante arbitraje administrado por el Centro de Arbitraje y Mediacisn Comercial para la Amiricas de acuerdo con sus reglas, y la resolucisn pronunciada en el laudo por el arbitro podra ser presentada en cualquier tribunal que tenga jurisdiccisn sobre el mismo.

A falta de una clausula en el contrato para la solucsn de controversias futuras, las partes tambiin podran someter una controversia existente arbitraje administrado por el CAMCA utilizando el siguiente acuerdo:

>Las partes abajo firmantes, por este medio acordamos someter al arbitraje administrado por el Centro de Arbitraje y Mediacisn Comercial para las Amiricas, bajo sus reglas, la siguiente controversia, conflicto o reclamacisn (citar brevemente). Asm tambiin acordamos que observaremos fielmente este convenio y las reglas, asm como que la resolucisn pronunciada en el laudo por el arbitro pueda ser presentada en cualquier tribunal que tenga jurisdiccisn sobre el mismo.

Las partes podran considerar la adicisn de una o todas las clausulas arbitrales citadas a continuacisn:

>(a) "El nzmero de arbitros sera (uno o tres)";

>(b) "El lugar del arbitraje sera (ciudad y/o pams)"; o

>(c) "La ley sustantiva aplicable a la controversia sera _____";

>(d) "El idioma del arbitraje sera _____."

Como alternativa, la clausula podra ser insertada en un contrato que estipule en primer lugar la mediacisn bajo las Reglas de Mediacisn del y si la mediacisn es infructuosa, la controversia sera sujeta al arbitraje bajo la Reglas del Arbitraje del CAMCA. Un ejemplo de una clausula tirminos es el siguiente:

>Las partes estan de acuerdo en esforzarse para dar solucisn a cualquier conflicto, controversia o reclamacisn que se derive o relacione con el presente contrato, que no puedan resolver mediante discusiones directas, a travis de la mediacisn administrada por el Centro de Arbitraje y Mediacisn Comercial para las Amiricas, bajo sus reglas, antes de acudir al arbitraje. En adelante, cualquier conflicto, controversia o reclamacisn que surja o esti relacionado con este contrato, sera solucionado mediante arbitraje administrado por el Centro de Arbitraje y Mediacisn Comercial para la Amiricas, de acuerdo con sus reglas, y la resolucisn dictada en el laudo por el arbitro, el cual podra ser presentado en cualquier tribunal que tenga jurisdiccisn sobre el mismo. El requisito de llevar a cabo una notificacisn de la demanda con respecto a la controversia, conflicto o reclamacisn sujeta a la mediacisn sera suspendido hasta la conclusisn del proceso de mediacisn.

Para mayor informacisn sobre alguno de los servicios del CAMCA en mediacisn y arbitraje, por favor llame a cualquiera de las oficinas nacic del Centro:

Camara Nacional de Comercio de la Ciudad de Mixico
Paseo de la Reforma No.42
Col. Centro
Delegacisn Cuauhtimoc
06048 Mixico, D.F.
Tel.: 5.703.28.62 / 535.30.77 Fax: 592.35.71

International Center for Dispute Resolution

1633 Broadway, Floor 10
New York, New York 10019-6708
212-484-4181 Fax: 212-246-7274

British Columbia International Commercial Arbitration Centre
Suite 1140, 1090 West Georgia Street
Vancouver, British Columbia
Canada V6E 3V7
Tel.: 604.684.2821 Fax: 604.684.2825

Centre d'arbitrage commercial national et international du Quibec
295, Boulevard Charest Est
Bureau 090
Quibec, G1K 3G8
Canada
Tel.: 418.649.1374 Fax: 418.649.0845

**CAMCA Mediation Rules**

Article 1

The parties shall be deemed to have made these rules a part of their mediation agreement whenever they have provided for mediation by the Commercial Arbitration and Mediation Center for the Americas (hereinafter referred to as the "administrator") under its mediation rules. These and any amendment of them, shall apply in the form obtained at the time the demand for, or submission to, mediation is received by CAMCA parties, by written agreement, may vary the procedures set forth in these rules.

**I. Commencing the Mediation**

**Notice of Mediation**

Article 2

1. Any party or parties to a dispute may initiate mediation by filing with the administrator a submission to mediation or a written request f mediation pursuant to these rules, together with the appropriate filing fee. Where there is no submission to mediation or contract pr for mediation, a party may request the administrator to invite another party to join in mediation. Upon receipt of such a request, the administrator will contact the other parties involved in the dispute and attempt to obtain their agreement to mediation.

2. A request for or submission to mediation shall contain a brief statement of the nature of the dispute, and the names, addresses, and telephone numbers of all parties to the dispute and their representatives, if any. The initiating party shall simultaneously file two co the request with the administrator and one copy with every party to the dispute.

**II. The Mediator**

**Multi-national Panel of Mediators**

Article 3

CAMCA shall establish and maintain a multi-national panel of mediators and shall appoint mediators as provided in these rules.

**Appointment of Mediator**

Article 4

1. If the parties have not appointed a mediator and have not mutually agreed on a method of appointment, the administrator shall send simultaneously to each party to the dispute an identical list of names of persons chosen from the multi-national CAMCA panel. Nor single mediator will be appointed, unless the parties agree otherwise.

2. Each party to the dispute shall have twenty (20) days from the transmittal date in which to strike names objected to, number the rema names in order of preference, and return the list to the administrator. If a party does not return the list within the time specified, all named therein shall be deemed acceptable. From among the persons who have been approved on the relevant lists, and in accord with the designated order of mutual preference, the administrator shall invite the acceptance of a mediator to serve. If the parties fa agree on any of the persons named, or if acceptable mediators are unable to act, or if for any other reason the appointment cannot made from the submitted lists, the administrator shall have the power to make the appointment from among other members of the without the submission of additional lists. To the extent possible, the administrator will abide by any agreement of the parties regar

desired qualifications of the mediator.

**Challenge of Mediator**

Article 5

Persons serving as mediators shall be independent and impartial. No person shall serve as a mediator in any dispute in which that person ha financial or personal interest in the matters in dispute between the parties or the result or outcome of the mediation. Prior to accepting an appointment, the prospective mediator shall confirm his/her availability and disclose any circumstance likely to create justifiable doubts as to impartiality or independence. Upon receipt of such information, the administrator shall either replace the mediator or immediately communica information to the parties for their comments. In the event that the parties disagree as to whether the mediator shall serve, the administrator v appoint another mediator. The administrator is authorized to appoint another mediator whenever the appointed mediator is unable to serve pr

**Replacement of Mediator**

Article 6

If any mediator becomes unwilling or unable to serve or is disqualified, the administrator will appoint another mediator, taking into account the expressed preferences of the parties.

**Authority of Mediator**

Article 7

1. The mediator does not have the authority to impose a settlement on the parties but will seek to assist them in reaching a satisfactory resolution of the dispute. The mediator is authorized to conduct joint and separate meetings with the parties and to make oral and v recommendations for settlement. Whenever necessary, the mediator may also obtain expert advice concerning technical aspects o dispute, provided that the parties agree and bear the costs of obtaining such advice. Arrangements for obtaining such expert advic be made by the mediator or the parties, as the mediator shall determine.

2. The mediator is authorized to end the mediation whenever, in the judgment of the mediator, further efforts at mediation would not con a resolution of the dispute between the parties.

**III. General Conditions**

**Representation**

Article 8

1. By agreeing to mediate under these rules, the parties undertake to conduct the mediation in a bona fide and forthright manner and m: serious attempt to resolve the dispute.

2. Any party may be represented in the mediation. The names, addresses and telephone numbers of such persons shall be communica writing to all parties and to the administrator.

3. The parties shall make every reasonable effort to ensure that their representatives have the necessary authority to settle the dispute.

**Date, Time, and Place of Mediation**

Article 9

The mediator shall fix the date and the time of each mediation session in consultation with the parties.

The mediation shall be held at any convenient location agreeable to the mediator and the parties, as the mediator shall determine, including t convenient office of the administrator.

**Identification of Matters in Dispute**

Article 10

1. At least ten (10) days prior to the first scheduled mediation session, each party shall provide the mediator with a brief memorandum s
   forth its position with regard to the issues that need to be resolved, its position with respect to these issues and all information reas
   required for the mediator to understand these issues. Such memoranda shall be mutually exchanged by the parties.

2. The parties will be expected to produce all information reasonably required for the parties and the mediator to understand the issues
   presented.

3. The mediator may require any party to supplement such information.

**Privacy**

Article 11

Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the
permission of the parties and with the consent of the mediator.

**Confidentiality**

Article 12

1. Confidential information disclosed to a mediator by the parties or participants in the course of the mediation shall not be divulged by t
   mediator. All records, reports or other documents received or made by the mediator while serving in that capacity shall be confiden
   mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversarial proceeding or jud
   forum.

2. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, o
   proceeding:

   7 (a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute;

   7 (b) admissions made by a party in the course of the mediation proceedings;

   7 (c) documents, notes, or other information obtained during the mediation proceeding;

   7 (d) proposals made or views expressed by the mediator; or,

   7 (e) the fact that a party had or had not indicated willingness to accept a proposal.

**No Stenographic Record**

Article 13

There shall be no stenographic record of the mediation proceedings.

**Termination of Mediation**

Article 14

The mediation shall be terminated:

   (a) by the execution of a settlement agreement by the parties;

   (b) by a written declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or,

   (c) by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

**Mediation Settlement**

Article 15

Parties who undertake to mediate under these rules agree to carry out any settlement agreement without delay.

**Exclusion of Liability**

Article 16

1. Neither the administrator nor any mediator is a necessary party in judicial proceedings relating to the mediation.

2. Neither the administrator nor any mediator shall be liable to any party for any act or omission in connection with any mediation condu[cted] under these rules, save that they may be liable for the consequences of conscious and deliberate wrongdoing.

**Interpretation and Application of Rules**

Article 17

The mediator shall interpret and apply these rules insofar as they relate to the mediator's powers and duties. All other rules shall be interprete[d and] applied by the administrator.

**Expenses**

Article 18

The expenses of any information production shall be paid by the party producing such information. All other expenses of the mediation, inclu[ding] required travel and other expenses of the mediator and representatives of the administrator, and the expenses of any information or expert a[dvice] produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

**Administrative Fees**

The Filing Fee

The filing fee payable in U.S. dollars at the time mediation is requested is $500. This fee is to be borne equally or as otherwise agreed by the [parties.]

Additionally, the parties are charged a fee based on the mediator's time. It is suggested that parties consult the administrator for applicable ra[tes.]

There is a $150 charge to the filing party where the administrator is requested to invite other parties to join in mediation, which will be applied [to the] filing fee upon obtaining the parties' agreement to mediate.

The expenses of the administrator and the mediator, if any, are generally borne equally by the parties. The parties may vary this arrangemen[t by] agreement. Deposits

Before the commencement of mediation, the parties shall equally deposit such portion of the fee covering the cost of mediation as the admini[strator] shall direct and all appropriate additional sums that the administrator deems necessary to defray the expenses of the proceeding. When the mediation has terminated, the administrator shall render an accounting and return any unexpended balance to the parties. Refunds

Once the mediation file is opened, no refund of filing fees will be made.

**CAMCA Arbitration Rules**

Article 1

1. The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitratio[n by the] Commercial Arbitration and Mediation Center for the Americas (hereinafter referred to as the "administrator") or under its arbitratio[n rules.] These rules, and any amendment of them, shall apply in the form obtained at the time the demand for, or submission to, arbitration [is] received by the administrator. The parties, by written agreement, may vary the procedures set forth in these rules.

2. These rules govern the arbitration, except that, where any such rule is in conflict with any provision of the law applicable to the arbitra[tion from] which the parties cannot derogate, that provision shall prevail.

3. These rules specify the duties and responsibilities of the administrator. The administrator may provide services through any of its offi[ces.]

**I. Commencing the Arbitration**

**Notice of Arbitration and Statement of Claim**

Article 2

The party initiating arbitration ("claimant(s)") shall give written notice of arbitration to the administrator and to the party or parties against who claim is being made ("respondent(s)").

Arbitral proceedings shall be deemed to commence on the date on which the notice of arbitration is received by the administrator.

The notice of arbitration shall include the following:

    (a) a demand that the dispute be referred to arbitration;

    (b) the names, addresses and telephone numbers of the parties;

    (c) a copy of the arbitration clause or agreement that is invoked;

    (d) a reference to any contract out of, or in relation to, which the dispute arises;

    (e) a description of the claim and an indication of the facts supporting it;

    (f) the relief or remedy sought and the amount claimed; and,

    (g) may include proposals as to the number of arbitrators, the place of arbitration and the language(s) of the arbitration.

Upon receipt of such notice, the administrator will communicate with all parties with respect to the arbitration, including the matters set forth i above, if the parties have not already agreed on these matters, and will acknowledge the commencement of the arbitration.

**Statement of Defense and Counterclaim**

Article 3

    1. Within thirty (30) days after notice to the parties of the commencement of the arbitration by CAMCA, a respondent shall file a stateme defense in writing with the claimant and any other parties, and with the administrator for transmittal to the tribunal when appointed.

    2. At the time a respondent submits its statement of defense, a respondent may make counterclaims or assert set-offs as to any claim c by the agreement to arbitrate, as to which the claimant shall within thirty (30) days file a statement of defense.

    3. A respondent shall respond to the administrator, the claimant and other parties within thirty (30) days as to any proposals the claiman have made as to the number of arbitrators, the place of the arbitration or the language(s) of the arbitration, except to the extent tha parties have previously agreed as to these matters.

**Amendments to Claims**

Article 4

During the arbitral proceedings, any party may amend or supplement its claim, counterclaim or defense, unless the tribunal considers it inapp to allow such amendment because of the party's delay in making it, or of prejudice to the other parties, or any other circumstances. A claim o counterclaim may not be amended if the amendment would fall outside the scope of the agreement to arbitrate.

**II. The Tribunal**

**Panel of Arbitrators**

Article 5

CAMCA shall establish and maintain a multi-national panel of arbitrators and shall appoint arbitrators as provided in these rules.

**Number of Arbitrators**

Article 6

If the parties have not agreed on the number of arbitrators, one arbitrator shall be appointed unless the administrator determines, in its discre[tion,] three arbitrators are appropriate because of the size, complexity or other circumstances of the case.

**Appointment of Arbitrators**

Article 7

1. If the agreement of the parties names an arbitrator(s) or specifies a method of appointing the arbitral tribunal, such designation or me[thod] shall be followed. The notice of appointment, with the name, address, and telephone number of the arbitrator(s), shall be filed with [the] administrator by the appointing party(s). If no period of time for the appointment of arbitrator(s) is specified in the agreement, the administrator will notify the parties that they have thirty (30) days within which to make such appointment(s). If any party fails to ma[ke the] appointment within the time specified by the agreement or by the administrator, the administrator shall make the appointment.

2. Unless otherwise agreed by the parties, if within thirty (30) days the parties have not appointed an arbitrator(s) and have not mutually [agreed] on a method of appointment, the administrator shall send simultaneously to each party to the dispute an identical list of names of p[ersons] chosen from the multi-national CAMCA panel. Each party shall have twenty (20) days from the transmittal date in which to strike na[mes] objected to, number the remaining names in order of preference, and return the list to the administrator.

   In a single arbitrator case, each party will receive an identical list of ten names from which each party may strike three names on a [peremptory basis.] peremptory basis. In a multi-arbitrator case, each party will receive an identical list of fifteen names from which each party may stri[ke] names on a peremptory basis. If a party does not return the list within the time specified, all persons named therein shall be deeme[d] acceptable.

   From among the persons who have been approved on the relevant lists, and in accordance with the designated order of mutual pre[ference,] the administrator shall invite the acceptance of the appropriate number of arbitrators to serve. If the parties fail to agree on any of t[he] persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the s[ubmitted] lists, the administrator shall have the power to make the appointment from among other members of the panel without the submiss[ion of] additional lists. To the extent possible, the administrator will abide by any agreement of the parties regarding the desired qualificati[ons of] the arbitrator(s).

3. Upon the request of a party, or on its own initiative, the administrator shall take into account the advisability of appointing an arbitrato[r of] nationality other than the nationalities of the parties.

**Challenge of Arbitrators**

Article 8

All arbitrators acting under these rules shall be impartial and independent. Prior to accepting appointment, a prospective arbitrator shall disclo[se to] the administrator any circumstance likely to give rise to justifiable doubts as to the arbitrator's impartiality or independence. Once appointed, [an] arbitrator shall disclose any additional such information to the parties and to the administrator. Upon receipt of such information from an arbit[rator or] party, the administrator shall communicate it to the parties and to the arbitrator.

Article 9

1. A party may challenge any arbitrator whenever circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality [or] independence. A party wishing to challenge an arbitrator shall send notice of the challenge to the administrator within twenty (20) d[ays after] being notified of the appointment of the arbitrator, or within twenty (20) days after the circumstances giving rise to the challenge be[come] known to that party.

2. The challenge shall state in writing the reasons for the challenge.

3. Upon receipt of such a challenge, the administrator shall notify the other parties of the challenge. When an arbitrator has been challe[nged by] one party, the other parties may agree to the acceptance of the challenge and, if there is agreement, the arbitrator shall be replace[d. The] challenged arbitrator may also withdraw from office on his/her own initiative. In neither case does this imply acceptance of the vali[dity of the] grounds for the challenge.

Article 10

If the other party or parties do not agree to the challenge or the challenged arbitrator does not withdraw, the decision on the challenge shall b[e made] by the administrator in its sole discretion.

**Replacement of an Arbitrator**

Article 11

If an arbitrator withdraws after a challenge, or the administrator sustains the challenge, or the administrator determines that there are sufficient reasons to accept the resignation of an arbitrator, or an arbitrator dies, a substitute arbitrator shall be appointed pursuant to the provisions of unless the parties otherwise agree.

Article 12

1. If an arbitrator on a three-person arbitral tribunal fails to participate in the arbitration, the two other arbitrators shall have the power in discretion to continue the arbitration and to make any decision, ruling or award, notwithstanding the failure of the third arbitrator to participate. In determining whether to continue the arbitration or to render any decision, ruling or award without the participation of arbitrator, the two other arbitrators shall take into account the stage of the arbitration, the reason, if any, expressed by the third arb such nonparticipation, and such other matters as they consider appropriate in the circumstances of the case. In the event that the t arbitrators determine not to continue the arbitration without the participation of the third arbitrator, the administrator, on proof satisfa it, shall declare the office vacant, and a substitute arbitrator shall be appointed pursuant to the provisions of Article 7 , unless the pa otherwise agree.

2. If a substitute arbitrator is appointed, the tribunal shall determine, in its sole discretion, whether all or part of any prior hearings shall b repeated.

**III. General Conditions**

**Representation**

Article 13

Any party may be represented in the arbitration. A party intending to be so represented shall notify the other party and the administrator of the address, and telephone number of the representative at least seven (7) days prior to the date set for the hearing at which that person is first t appear. Once the tribunal has been established, the parties or their representatives may communicate in writing directly with the tribunal. Co communications from the tribunal to the parties should also be forwarded to the administrator.

**Place of Arbitration**

Article 14

1. If the place where the arbitration is to be held is not designated in the contract, or the parties fail to agree in writing on such place, the demanding arbitration shall give notice to the administrator of the desired place of arbitration. The administrator shall notify the par they have a period of twenty (20) days to submit their arguments and reasons for preference regarding the place of arbitration to a locale committee. The committee shall be representative of the nationalities of the parties and shall be chaired by a national of a co other than that of any of the parties. The committee's determination shall be made with due regard for the contentions of the parties circumstances of the arbitration. The determination of the place of arbitration by the committee shall be final and binding upon the p

2. The tribunal may hold conferences or hear witnesses or inspect property or documents at any place it deems appropriate. The tribuna administrator at the tribunal's request, shall give the parties sufficient written notice to enable them to be present at any such proce

**Language**

Article 15

If the parties have not agreed otherwise, the language(s) of the arbitration shall be that of the documents containing the arbitration agreemen subject to the power of the tribunal to determine otherwise based upon the contentions of the parties and the circumstances of the arbitration tribunal may order that any documents delivered in another language shall be accompanied by a translation into such language or languages

**Pleas as to Jurisdiction**

Article 16

1. The tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence or validity of the arbitration agreement.

2. The tribunal shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such arbitration clause shall be treated as an agreement independent of the other terms of the contract.

3. Objections to the arbitrability of a claim must be raised no later than thirty (30) days after notice to the parties of the commencement of arbitration by CAMCA and, in respect to a counterclaim, no later than thirty (30) days after filing the counterclaim.

**Conduct of the Arbitration**

Article 17

1. Subject to these rules, the tribunal may conduct the arbitration in whatever manner it considers appropriate, provided that the parties treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

2. Documents or information supplied to the tribunal by one party shall at the same time be communicated by that party to the other part parties.

**Further Written Statements**

Article 18

The tribunal may decide whether any written statements, in addition to statements of claims and counterclaims and statements of defense, sh required from the parties or may be presented by them, and shall fix the periods of time for submitting such statements.

**Periods of Time**

Article 19

The periods of time fixed by the tribunal for the communication of written statements should not exceed thirty (30) days. However, the tribuna extend such time limits if it considers such an extension justified.

**Notices**

Article 20

1. Unless otherwise agreed by the parties or ordered by the tribunal, all notices, statements and written communications may be served party by air mail or air courier addressed to the party or its representative at the last known address or by personal service. Facsim transmission, telex, telegram, or other written forms of electronic communication may be used to give any such notices, statements written communications.

2. For the purpose of calculating a period of time under these rules, such period shall begin to run on the day following the day when a statement or written communication is received. If the last day of such period is an official holiday at the place received, the period extended until the first business day which follows. Official holidays occurring during the running of the period of time are included calculating the period.

**Evidence**

Article 21

1. Each party shall have the burden of proving the facts relied on to support its claim or defense.

2. The tribunal may order a party to deliver to it and to the other parties a summary of the documents and other evidence which that par intends to present in support of its claim, counterclaim or defense.

3. At any time during the proceedings, the tribunal may order parties to produce other documents, exhibits or other evidence it deems n or appropriate.

**Hearings**

Article 22

1. The tribunal shall give the parties at least twenty (20) days' advance notice of the date, time and place of the initial oral hearing. The t

    shall give reasonable notice of subsequent hearings.

2. At least twenty (20) days before the hearings, each party shall give the tribunal and the other parties the names and addresses of any witnesses it intends to present, the subject of their testimony and the languages in which such witnesses will give their testimony.

3. At the request of the tribunal or pursuant to mutual agreement of the parties, the tribunal shall make arrangements for the interpretation testimony or for a record of the hearing.

4. Hearings are private unless the parties agree otherwise or the law provides to the contrary. The tribunal may require any witness or w to retire during the testimony of other witnesses. The tribunal may determine the manner in which witnesses are examined.

5. Evidence of witnesses may also be presented in the form of written statements signed by them.

6. The admissibility, relevance, materiality and weight of the evidence offered by any party shall be determined by the tribunal, provided tribunal shall consider applicable principles of legal privilege.

**Interim Measures of Protection**

Article 23

1. At the request of any party, the tribunal may take whatever interim measures it deems necessary, including injunctive relief and meas the conservation of property.

2. Such interim measures may be taken in the form of an interim award and the tribunal may require security for the costs of such meas

3. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to a or a waiver of the right to arbitrate.

**Experts**

Article 24

1. The tribunal may appoint one or more independent experts to report to it, in writing, on specific issues designated by the tribunal and communicated to the parties.

2. The parties shall provide such an expert with any relevant information or produce for inspection any relevant documents or goods tha expert may require. Any dispute between a party and the expert as to the relevance of the requested information or goods shall be to the tribunal for decision.

3. Upon receipt of an expert's report, the tribunal shall send a copy of the report to all parties, who shall be given an opportunity to expre writing, their opinion on the report. A party may examine any document on which the expert has relied in such a report.

4. At the request of any party, the parties shall be given an opportunity to question the expert at a hearing. At this hearing, parties may p expert witnesses to testify on the points at issue.

**Default**

Article 25

1. If a party fails to file a statement of defense within the time established by the tribunal without showing sufficient cause for such failure determined by the tribunal, the tribunal may proceed with the arbitration.

2. If a party, duly notified under these rules, fails to appear at a hearing without showing sufficient cause for such failure, as determined tribunal, the tribunal may proceed with the arbitration.

3. If a party, duly invited to produce evidence, fails to do so within the time established by the tribunal without showing sufficient cause fo failure, as determined by the tribunal, the tribunal may make the award on the evidence before it.

**Closure of Hearing**

Article 26

1. After asking the parties if they have any further testimony or evidentiary submissions and upon receiving negative replies or if satisfied record is complete, the tribunal may declare the hearings closed.

2. If the tribunal considers it appropriate, on its own motion or upon application of a party, the tribunal may reopen the hearings at any time before the award is made.

**Waiver of Rules**

Article 27

A party who knows that any provision of the rules or requirement under the rules has not been complied with, but proceeds with the arbitration promptly stating an objection in writing thereto, shall be deemed to have waived the right to object.

**Awards, Decisions and Rulings**

Article 28

1. When there is more than one arbitrator, any award, decision or ruling of the tribunal shall be made by a majority of the arbitrators.

2. When the parties or the tribunal so authorize, decisions or rulings on questions of procedure may be made by the presiding arbitrator, to revision by the tribunal.

**Form and Effect of the Award**

Article 29

1. Awards shall be made in writing, promptly by the tribunal, and shall be final and binding on the parties. The parties undertake to carry such award without delay.

2. The tribunal shall state the reasons upon which the award is based, unless the parties have agreed that no reasons need be given.

3. An award signed by a majority of the arbitrators shall be sufficient. Where there are three arbitrators and one of them fails to sign, the shall be accompanied by a statement of whether the third arbitrator was given the opportunity to sign. The award shall contain the the place where the award was made, which shall be the place designated pursuant to Article 14.

4. An award may be made public only with the consent of all parties or as required by law.

5. Copies of the award shall be communicated to the parties by the administrator.

6. If the arbitration law of the country where the award is made requires the award to be filed or registered, the tribunal shall comply with requirement.

7. In addition to making a final award, the tribunal may make interim, interlocutory, or partial orders and awards.

**Applicable Laws**

Article 30

1. The tribunal shall apply the laws or rules of law designated by the parties as applicable to the dispute. Failing such a designation by the parties, the tribunal shall apply such law or laws as it determines to be appropriate.

2. In arbitrations involving the application of contracts, the tribunal shall decide in accordance with the terms of the contract and shall take account usages of the trade applicable to the contract.

3. The tribunal shall not decide as amiable compositeur or ex aequo et bono unless the parties have expressly authorized it to do so.

**Settlement or Other Reasons for Termination**

Article 31

1. If the parties settle the dispute before an award is made, the tribunal shall terminate the arbitration and, if requested by all parties, ma the settlement in the form of an award on agreed terms. The tribunal is not obliged to give reasons for such an award.

2. If the continuation of the proceedings becomes unnecessary or impossible for any other reason, the tribunal shall inform the parties o intention to terminate the proceedings. The tribunal shall thereafter issue an order terminating the arbitration, unless a party raises justifiable grounds for objection.

**Interpretation or Correction of the Award**

Article 32

1. Within thirty (30) days after the receipt of an award, any party, with notice to the other parties, may request the tribunal to interpret the or correct any clerical, typographical or computation errors or make an additional award as to claims presented but omitted from th

2. If the tribunal considers such a request justified, after considering the contentions of the parties, it shall comply with such a request wi thirty (30) days after the request.

**Costs**

Article 33

The tribunal shall fix the costs of arbitration in the award. The tribunal may apportion such costs among the parties if it determines that such apportionment is reasonable, taking into account the circumstances of the case. Such costs may include:

(a) the fees and expenses of the arbitrators;

(b) the costs of assistance required by the tribunal, including its experts;

(c) the fees and expenses of the administrator; and,

(d) the reasonable costs for legal representation of a successful party.

**Compensation of Arbitrators**

Article 34

Arbitrators shall be compensated based upon their amount of service, taking into account the size and complexity of the case. An appropriate hourly rate, based on such considerations, shall be arranged by the administrator with the parties and the arbitrator prior to the commenceme arbitration. If the parties fail to agree on the terms of compensation, an appropriate rate shall be established by the administrator and commu in writing to the parties.

**Deposit of Costs**

Article 35

1. When claims are filed, the administrator may request the filing party to deposit appropriate amounts, as an advance for the costs refe Article 33, paragraphs (a), (b) and (c).

2. During the course of the arbitral proceedings, the tribunal may request supplementary deposits from the parties.

3. If the deposits requested are not paid in full within thirty (30) days after the receipt of the request, the administrator shall so inform the in order that one or the other of them may make the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings.

4. After the award has been made, the administrator shall render an accounting to the parties of the deposits received and return any unexpended balance to the parties.

**Confidentiality**

Article 36

Confidential information disclosed during the proceedings by the parties or by witnesses shall not be divulged by an arbitrator or by the admi[nistrator]. Unless otherwise agreed by the parties, or required by applicable law, the members of the tribunal and the administrator shall keep confident[ial all] matters relating to the arbitration or the award.

**Exclusion of Liability**

Article 37

The members of the tribunal and the administrator shall not be liable to any party for any act or omission in connection with any arbitration co[nducted] under these rules, save that they may be liable for the consequences of conscious and deliberate wrongdoing.

**Interpretation of Rules**

Article 38

The tribunal shall interpret and apply these rules insofar as they relate to its powers and duties. All other rules shall be interpreted and applie[d by the] administrator.

**Expedited Procedures**

Article 39

1. These Expedited Procedures shall apply where no disclosed claim or counterclaim exceeds $50,000, exclusive of interest and arbitra[tion] costs. Parties may also agree to use the Expedited Procedures in cases involving claims in excess of $50,000. The Expedited Pro[cedures] will not be applied, absent agreement of the parties, in cases in which there is no disclosed monetary claim.

2. The parties shall accept all notices from the administrator by telephone. Such notices by the administrator shall subsequently be conf[irmed in] writing to the parties. Should there be a failure to confirm any writing or any notice hereinunder, the proceeding shall nonetheless b[e valid if] notice has, in fact, been given by telephone.

3. The administrator shall appoint a single arbitrator without the submission of lists. At the request of any party or on its own initiative, th[e] administrator may appoint a national of a country other than that of any of the parties. The parties will be given notice by telephone [by the] administrator of the appointment of the arbitrator, who shall be subject to disqualification for the reasons specified in Article 8. The [parties] shall notify the administrator, by telephone, within ten (10) days of any objection by a party to the arbitrator appointed. Any objectio[n by a] party to the arbitrator shall be confirmed in writing to the administrator with a copy to the other party or parties.

4. The parties may provide, by written agreement, for the waiver of oral hearings in expedited cases. If the parties are unable to agree a[s to the] procedure, the administrator shall specify a fair and equitable procedure.

5. The arbitrator shall set the date, time, and place of the hearing. The administrator shall notify the parties by telephone at least ten (10[) days in] advance of the hearing date. A formal notice of hearing will also be sent by the administrator to the parties.

6. Normally, the hearing shall be completed within one day. The arbitrator, for good cause shown, may schedule an additional hearing t[o be held] within ten (10) days.

7. Unless otherwise agreed by the parties, the award shall be rendered not later than twenty (20) business days from the date of the clo[sing of the] hearing.

**Administrative Fee Schedule**

The administrative fees of CAMCA are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this sche[dule.] Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the tribunal in the award.

**Filing Fee**

A nonrefundable filing fee is payable in full in U.S. dollars by a filing party when a claim, counterclaim or additional claim is filed, as pr[ovided] **below:**

| Amount of Claim | Filing Fee | Hearing Fee | Postponement Fee |
|---|---|---|---|
| Up to $10,000 | $650 | $150 | $150 |
| $10,001 to $50,000 | $1,250 | $150 | $150 |
| $50,001 to $100,000 | $2,000 | $150 | $150 |
| $100,001 to $250,000 | $2,000 | $150 | $150 |
| $250,001 to $500,000 | $3,500 | $250 | $250 |
| $500,001 to $1,000,000 | $5,000 | $250 | $250 |
| $1,000,001 to $5,000,000 | $7,000 | $250 | $250 |
| Undetermined | $2,000 | $250 | $250 |
| 3 Arbitrators | $2,000 | $250 | $250 |

Administrative Fees for undetermined claims are subject to increase when the claim or counterclaim is disclosed. The administrative fee claims in excess of $5,000,000 will be negotiated between the administrator and the filing party.

When a claim or counterclaim is not for a monetary amount, an appropriate filing fee will be determined by the administrator.

**Postponement/Cancellation Fees**

The postponement fees indicated above are payable by the party causing a postponement of any scheduled hearing.

**Hearing Room Rental**

The Hearing Fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the administra availability and rates.

**Suspension for Nonpayment**

If arbitrator compensation or administrative charges have not been paid in full, the administrator may so inform the parties in order that one o may advance the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings tribunal has not yet been appointed, the administrator may suspend the proceedings.

©2006 American Arbitration Association. All Rights Reserved.   Privacy Policy   Terms of Use