## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **THE CHICAGO PARK DISTRICT,** | ) | |
| **an Illinois Municipal Corporation,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **06 C 3957** |
| | ) | |
| **THE CHICAGO BEARS FOOTBALL** | ) | |
| **CLUB, INC., and THE CHICAGO** | ) | |
| **BEARS STADIUM,** | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff The Chicago Park District ("CDP") is responsible for security and crowd control

at Soldier Field pursuant to a Permit and Operating Agreement ("POA").  In August of 2005, the

National Football League ("NFL") adopted a policy requiring security pat-downs at all regular

season games.  The CPD refused to conduct the pat-down searches, contending that they were

unconstitutional.  For the 2005 season, the Bears hired a private firm to conduct the searches.

With respect to 2006 and onward, the parties agreed to submit the issues of "whether the Chicago

Park District must provide pat down security checks at Chicago Bears home games pursuant to

the requirements of the POA and must bear the costs of said pat down security checks" to

arbitration if they could not come to an agreement.  An arbitration hearing is set for August 9,

2006.

Dissatisfied with the upcoming arbitration hearing, the CPD filed this federal declaratory

judgment action against The Chicago Bears Football Club and The Chicago Bears Stadium

(collectively, "the Bears") seeking a declaration that it is not obligated to conduct pat-down

searches of Bears' game attendees.  The CPD's emergency motion seeking a stay of the imminent

Dockets.Justia.com

arbitration proceedings in favor of the federal action is before the court.  In addition, the Bears have filed a motion to dismiss the CPD's complaint or, alternatively, to stay this federal action pending completion of the arbitration proceedings.  For the following reasons, the CPD lacks standing to raise a Fourth Amendment claim on behalf of Bears' game attendees who might be searched in the future.  Thus, the CPD's complaint is dismissed and all pending motions are stricken as moot.

## Discussion

The CPD seeks, in its own words, "to prevent an independent arbitrator from deciding whether the Fourth Amendment prohibits the CPD (as a state entity) from using taxpayer funds to pay for **mass suspicionless pat-down searches at Soldier Field**, which the CPD owns and operates, of all Bears fans entering the stadium in game days this upcoming 2006 season." CPD's Motion to Stay at 1 (emphasis in original).  Characterizing this as a "far-reaching constitutional issue of great public importance," the CPD asks this court to stay the arbitration proceedings and issue a ruling regarding the constitutionality of pat-down searches at Soldier Field.

The problem with this argument, unremarked by the parties, is that the Supreme Court has unequivocally held that "Fourth Amendment rights are personal" and thus "may not be vicariously asserted."  *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (collecting cases).  The Seventh Circuit has acknowledged this basic principle, stating that it "know[s] from *Rakas v. Illinois* that the rights guaranteed by the Fourth Amendment are personal, and may not be asserted vicariously.  Rather, they must be championed by the one whose rights were infringed by the government's conduct."  *U.S. v. Price*, 54 F.3d 342, 345 (7th Cir. 1995) (internal citations

omitted); *see also U.S. v. Melinchuk*, No. 05-CR-175C, 2006 WL 508666 at *5 n.4 (W.D. Wis. Mar. 2, 2006) (the Supreme Court's holding in *Rakas* means that the defendant lacks standing to object to a police officer's alleged violation of someone else's Fourth Amendment rights). The CPD's complaint seeks to assert a vicarious Fourth Amendment claim, but under *Rakas* and its progeny, it lacks standing to do so.

The CPD's difficulties with standing distinguish this case from *Tampa Sports Authority v. Johnston*, 914 So.2d 1076 (Fla. App. 2005), and *Johnston v. Tampa Sports Authority*, — F.Supp.2d —, No. 8:05-CV-2191-T-27, 2006 WL 2136154 (M.D. Fla. Jul. 28, 2006). Both of these cases were brought by Gordon Johnson, a season ticket holder who challenged pat-down searches at Tampa Bay Buccaneers games. The state court granted a preliminary injunction halting the searches and the case was then removed to federal court based on Mr. Johnson's assertion of a Fourth Amendment claim.

In Chicago, however, no season ticket holder has attempted to challenge a pat-down search. Moreover, in any event, there is no indication at the present time that the CPD will actually perform pat-down searches given the CPD's refusal to do so to date and the fact that arbitration proceedings addressing whether the CPD must conduct and pay for pat-down searches are pending. Instead, the CPD's complaint and emergency stay motion center on the CPD's vicarious assertion of a Fourth Amendment claim raised on behalf of Bears' game attendees who potentially might be searched in the future.

Accordingly, the CPD lacks standing to challenge the constitutionality of pat-down searches at Soldier Field. This means that its complaint must be dismissed and its motion for a stay pending arbitration, as well as the Bears' motion to dismiss, are moot.

## **Conclusion**

The CPD's complaint is dismissed because, as discussed more fully above, the CPD lacks standing to pursue a vicarious challenge to the constitutionality of pat-down searches at Soldier Field. Accordingly, all pending motions are stricken as moot. The clerk is directed to terminate this case from the court's docket.


DATE:    August 8, 2006

_Blanche M. Manning_
Blanche M. Manning
United States District Judge